# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 09-221V
Filed: January 9, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * <br> DIKSHA BATISH,                       * <br>                                          * <br>                                          * <br>                      Petitioner,    * <br> v.                                           * <br>                                          * <br> SECRETARY OF HEALTH       * <br> AND HUMAN SERVICES,        * <br>                                            * <br>                      Respondent.   * <br> * * * * * * * * * * * * * * * * * * * * * * * * * * * * | NOT TO BE PUBLISHED <br><br> Special Master <br> Hamilton-Fieldman <br><br> Petitioner's Motion for Ruling on the <br> Record; Insufficient Proof of Causation; <br> Vaccine Act Entitlement; Denial Without <br> Hearing. |

Thomas Gallagher, Somers Point, NJ, for Petitioner.
Alexis Babcock, Washington, DC, for Respondent.

### DECISION[1]

On April 14, 2009, Meena Sharma and Sat Dev Batish ("Petitioners") filed a petition on behalf of their daughter Diksha Batish for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.* (2006),[2] alleging that their daughter suffered from acute myopathy as a result of receiving the Tetanus booster and

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  In the absence of such motion, the entire decision will be available to the public.  *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2006).  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Vaccine Act.

Menactra (Meningitis) vaccinations on April 14, 2006.  Petition ("Pet.") at 1, ECF No. 1.[3]  During the pendency of this case, Diksha Batish reached the age of majority and as such the case was re-captioned listing her as the sole Petitioner.  Motion, ECF No. 76; Order, ECF No. 77.  The information in the record does not show entitlement to an award under the Program.

On January 9, 2014, Petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, Petitioner must prove either 1) that Diksha suffered a "Table Injury"-i.e., an injury falling within the Vaccine Injury Table- corresponding to one of Diksha's vaccinations, or 2) that Diksha suffered an injury that was actually caused by a vaccine. *See* §§ 13 (a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that Diksha suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Diksha's alleged injury was vaccine-caused.

Under the Act, Petitioner may not be given a Program award based solely on the Petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting Petitioner's claim, a medical opinion must be offered in support.  Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that Diksha suffered a "Table Injury" or that Diksha's injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] The Petition reflects that Petitioner received a Tetanus booster and Menactra vaccination on April 14, 2006; however, Petitioner's records from Dr. Gargi Gandhi reflect an administration of "Adacel and Menactra" on April 14, 2006.  *See* Pet'r's Ex. 1 at 15-16.  Adacel is an active booster immunization for the prevention of tetanus, diphtheria, and pertussis.